1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FIRDEWS M. S.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

Case No. C20-1799-SKV

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Having considered the ALJ's decision, the administrative record ("AR"), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1975, had two years of college education in Iraq, and previously worked as a preschool teacher in Iraq.  AR 40, 51.  Plaintiff was last gainfully employed in 2010.  AR 268.

In April 2015, Plaintiff applied for benefits, alleging disability as of January 1, 2010.  AR 245-53.  Plaintiff's application was denied initially and on reconsideration, and Plaintiff

requested a hearing.  AR 89-94, 111-24. After the ALJ conducted a hearing in April 2019 (AR 36-55), the ALJ issued a decision finding Plaintiff not disabled.  AR 19-28.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since the application date.

**Step two**:  Plaintiff has the following severe impairments: headaches, status post hysterectomy, posttraumatic stress disorder, and depressive disorder.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC")**:  Plaintiff can perform medium work with additional limitations: she can lift/carry 50 pounds occasionally and 25 pounds frequently (and is unlimited in her ability to push/pull within those exertional limitations).  She can stand/walk about six hours in an eight-hour workday with regular breaks.  She must avoid concentrated exposure to noises, vibrations, fumes, odors, dusts, gases, poor ventilation, and hazards.  She needs to have access to a restroom. She can understand, remember, and carry out simple tasks over an eight-hour workday, five days per week, with normal breaks.  She can have occasional, intermittent contact with the public and coworkers, and adapt to simple changes in the workplace and carry out simple goals/plans as directed by supervisors.

**Step four**:  Plaintiff cannot perform past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 19-28.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 5-10.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 4.

//

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

**LEGAL STANDARDS**

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

**DISCUSSION**

Plaintiff argues the ALJ erred in assessing certain medical opinions. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 3

## A.     Legal Standards[3]

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)).  Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing."  *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Social Security regulations applicable to this case distinguish between "acceptable medical sources" and "medical sources."  Acceptable medical sources include, for example, licensed physicians and psychologists, while other non-specified providers (including nurses) are called "medical sources."  20 C.F.R. §§ 416.902, 416.927(f).  An ALJ must provide germane reasons to discount a "medical source" opinion.  *See Turner v. Comm'r of Social Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010).

## B.     Joshua Huhndorf, M.D.

Treating physician Dr. Huhndorf completed a form opinion addressing Plaintiff's ability to work, indicating that she was physically limited to sedentary work but that her combination of impairments left her unable to work at all.  *See* AR 782-85.  The ALJ gave little weight to Dr. Huhndorf's opinion, finding it inconsistent with the medical record, which showed that Plaintiff's headaches, urinary incontinence, and mental health complaints were controlled with treatment/medication.  AR 26.  The ALJ also noted that Plaintiff's objective physical findings were "consistently unremarkable."  *Id*.

---

[3] Because Plaintiff applied for disability before March 27, 2017, the regulations set forth in 20 C.F.R. § 416.927 apply to the ALJ's consideration of medical opinions.

Plaintiff argues that the ALJ failed to cite evidence to support his conclusions (Dkt. 11 at 5), but also acknowledges that the ALJ summarized the evidence earlier in the decision and has not cited any authority requiring the ALJ to reiterate that same analysis at every step in the decision. *See Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004) ("Because it is proper to read the ALJ's decision as a whole, and because it would be a needless formality to have the ALJ repeat substantially similar factual analyses at both steps three and five, we consider the ALJ's treatment of the record evidence in support of both his conclusions at steps three and five.").

Earlier in the decision, the ALJ noted that although Plaintiff alleged disabling headaches and urinary incontinence, the record indicated that both conditions responded well to treatment and/or medication. AR 24-25 (citing AR 357, 412, 1125, 1138). The ALJ also cited Plaintiff's many normal neurological examinations and normal objective findings, including full strength and normal gait. AR 24 (citing AR 554, 603, 816, 972, 991, 1021, 1138). The ALJ went on to contrast Plaintiff's allegations of disabling anxiety, flashbacks, and nightmares with evidence showing that Plaintiff's mental health symptoms improved with treatment. AR 25 (citing AR 357-58, 665, 898). Plaintiff did not challenge these findings, and does not explain why the inconsistencies noted by the ALJ in this part of the decision do not constitute the inconsistencies referenced by the ALJ with respect to the limitations identified by Dr. Huhndorf. The ALJ's decision contains a thorough discussion of inconsistencies in the record, and did not merely suggest that Dr. Huhndorf's limitations were unsupported or inconsistent, as in *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988), cited by Plaintiff. *See* Dkt. 11 at 5. The ALJ cited substantial evidence to support his conclusions and Plaintiff has not shown that the ALJ erred in characterizing the record as inconsistent with Dr. Huhndorf's opinion or in discounting it on that

basis.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

Although Plaintiff points to an examination performed by a physical therapist as contradicting the ALJ's interpretation of the record (Dkt. 11 at 6 (citing AR 873-81)), Plaintiff fails to acknowledge that she declined to participate in much of the evaluation and the physical therapist indicated that Plaintiff's refusal, apparently due to her reported pain, "made it difficult to complete a thorough evaluation[.]"  AR 875.  The therapist also noted that Plaintiff declined all offered interpreters and that her "English was sometimes hard to understand while collecting subjective and asking her questions about her pain for objective measurements." *Id.*  Given the therapist's limited ability to assess Plaintiff's capabilities, the Court does not find that this evaluation contradicts the ALJ's characterization of the record.  Plaintiff has not met her burden to show that the ALJ erred in finding Dr. Huhndorf's opinion inconsistent with other evidence in the record, and the Court therefore affirms the ALJ's assessment of Dr. Huhndorf's opinion.

### C.  Lakew Adnew, ARNP

Mr. Adnew, a treating nurse, completed a form opinion regarding Plaintiff's ability to work, deferring on many issues to Plaintiff's primary care physician but opining that due to Plaintiff's mental conditions, she "will have difficulty to keep employment at this time."  AR 895-97.

The ALJ gave little weight to Mr. Adnew's opinion, finding it inconsistent with treatment notes showing "mostly stable" mood/anxiety with treatment.  AR 26.  Earlier in the decision, the ALJ also found that Plaintiff's mental health symptoms improved with treatment.  AR 25.  The ALJ's characterization of the record is supported by substantial evidence.  *See, e.g.*, AR 659, 665, 679, 699, 915, 919-20, 926, 928, 931, 1119.  Given that the ALJ also acknowledged that

Plaintiff continued to report some mental symptoms (AR 25) and that the ALJ accounted for several mental limitations in the RFC assessment (AR 22-23, 26), the ALJ's decision as a whole adequately explains why he found that Plaintiff's limitations were not work-preclusive, as Mr. Adnew had suggested.  The inconsistency between the record and Mr. Adnew's opinion constitutes a germane reason to discount the opinion, and the Court therefore affirms the ALJ's assessment.  *See Molina*, 674 F.3d at 1111-12 (explaining that inconsistency with objective evidence is a germane reason to discount an "other" source opinion).

### D.    State Agency Consultant Opinions

The ALJ gave significant weight to the State agency consultants' opinions.  AR 26.  Plaintiff argues that the ALJ erred in failing to explain why he gave more weight to those opinions than other opinions (Dkt. 11 at 11-14), but cites no authority indicating that an ALJ is required to provide any reason to credit an opinion.  *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ must provide reasons for rejecting a medical opinion, but not for accepting and interpreting one); *see also Turner*, 613 F.3d at 1223 ("the ALJ did not need to provide 'clear and convincing reasons' for rejecting [a treating doctor's] report because the ALJ did not reject any of [his] conclusions").  Because Plaintiff has not shown that the ALJ erred in assessing the State agency consultants' opinions, the Court declines to disturb the ALJ's assessment of those opinions.

//

//

//

//

//

<u>CONCLUSION</u>

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this <u>24th</u> day of August, 2021.

S. KATE VAUGHAN
United States Magistrate Judge